IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No. PX-24-3641 |
| v. | * | |
| AKSHAY HOTELS, LLC et al. | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the "Request for Default Judgment" ("Motion") (ECF No. 8) filed by Plaintiff Choice Hotels International, Inc. Defendants Akshay Hotels, LLC ("Akshay") and Dilip Desai ("Desai") have not responded, and the time for doing so has passed. *See* Loc. R. 105.2(a). On December 8, 2025, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6(al), Judge Xinis referred this case to me for a report and recommendation on Plaintiff's Motion. ECF No. 10. I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiff's Motion be granted.

**I.     Background**

Plaintiff filed a Complaint to confirm an arbitration award against Defendants on December 17, 2024.[1] ECF No. 1. Defendants were served with process but did not respond to the

---

[1] In *Badgerow v. Walter*, the Supreme Court held that the face of a petition to vacate an arbitration award must contain an independent basis—beyond the Federal Arbitration Act itself—for a federal court to exercise jurisdiction. 596 U.S. 1, 9 (2022). The Fourth Circuit has reasoned that *Badgerow*'s holding extends to petitions to confirm arbitration awards. *Design Gaps, Inc. v.*

Complaint. ECF No. 4. On May 6, 2025, the Clerk entered default against Defendants and sent them notice of the entry of default. ECF Nos. 6 & 7. To date, Defendants have not filed a motion to vacate the order of default. On May 25, 2025, Plaintiff filed the Motion, to which Defendants did not respond.[2] The Motion is ripe for decision.

## II.     LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Ryan*, 253 F.3d at 780. Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does

---

*Shelter, LLC*, 130 F.4th 143, 147 n.5 (4th Cir. 2025). In this case, the Court has jurisdiction based on diversity. 28 U.S.C. § 1332.

[2] Pursuant to the Servicemembers' Civil Relief Act ("SCRA"), before the Court may enter a default judgment in favor of a plaintiff, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[.]" 50 U.S.C. § 3931(b)(1)(A). This requirement does not apply to Akshay because it is a business organization. As for Desai, Plaintiff's counsel filed an affidavit confirming that "Defendant Dilip Desai is not an infant, incompetent or in the military service of the United States." ECF No. 8-1 at 2.

2

not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

If, after entry of default, the plaintiff's complaint does not specify a "sum certain" amount of damages, the court may enter a default judgment against the defendant pursuant to Rule 55(b)(2). *Labuda v. SEF Stainless Steel, Inc.*, No. RDB-11-1078, 2012 WL 1899417, at *1 (D. Md. May 23, 2012). A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2010). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages and may rely on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

Rule 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In general, a default judgment cannot award damages that exceed the amount of damages sought in the complaint. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). "The rationale is that a default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount." *Id.*

3

B.  **Plaintiff is Entitled to Confirmation of the Arbitration Award**

Plaintiff's Complaint for confirmation of the arbitration award and the Motion both request entry of judgment in the amount of $232,080.00, plus post-judgment interest until paid, *see* 28 U.S.C. § 1961, and $400.00 for the costs of this action. ECF Nos. 1 at 6 & 8 at 1. "Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner 'must show that it is entitled to confirmation of the arbitration award as a matter of law.'" *Choice Hotels Int'l, Inc. v. C Kop Hurp, LLC*, No. DKC-25-2078, 2025 WL 3290665, at *2 (D. Md. Nov. 26, 2025) (quoting *United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011)); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006); *McColl Partners, LLC v. DME Holdings, LLC*, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011)).

Where a party obtains an award from an arbitrator, a court must enter judgment on that award in accordance with Section 9 of the Federal Arbitration Act:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9.

In its Complaint, Plaintiff alleges that it entered into a Franchise Agreement with Akshay in the State of Maryland on October 31, 2019. ECF No. 1 ¶ 4. Through the Franchise Agreement, Plaintiff provided Akshay a license to open and operate a hotel in Overland, Kansas, using

4

Plaintiff's "trade and brand names, marks and system." *Id.* As part of the same transaction, Desai executed a guaranty, personally guaranteeing Akshay's performance of the obligations contained in the Franchise Agreement. *Id.* ¶ 5. Plaintiff alleges that by October 2020, Defendants were in default of the terms of the Franchise Agreement. *Id.* ¶ 6. It notified Defendants that failure to cure the default would result in termination of the Franchise Agreement and liability for damages. *Id.* ¶ 7. Defendants failed to cure the breach, and Plaintiff terminated the Franchise Agreement on May 14, 2021. *Id.* ¶ 8. Plaintiff also made a demand for immediate payment of the damages that Defendants owed for their default under the Franchise Agreement. *Id.* Defendants did not pay the damages that Plaintiff demanded. *Id.* ¶ 9.

The Franchise Agreement contains an arbitration clause. *Id.* Section 21 of the Franchise Agreement provides:

> [A]ny controversy or claim arising out of or relating to this Agreement . . . or the breach of this Agreement . . . will be sent to final and binding arbitration in the state of Maryland before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of the American Arbitration Association . . . . The arbitrator will apply the substantive laws of Maryland . . . . Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland and the parties agree that any state laws attempting to prohibit arbitration in Maryland are pre-empted by the Federal Arbitration Act.

ECF No. 1-1 at 1-2.

On October 30, 2023, Plaintiff initiated arbitration proceedings in accordance with the arbitration clause. *Id.* ¶ 9. The arbitration was conducted before an arbitrator of the American Arbitration Association. *Id.* ¶ 10. Defendants were notified of the arbitration proceedings, but they failed to appear and did not participate in the arbitration. *Id.* ¶ 11. Plaintiff presented evidence to the arbitrator. *Id.* 12. The arbitrator found that the dispute presented for arbitration was

contemplated by the Franchise Agreement, that Defendants had received the required notice of the proceedings, and that the parties' dispute was properly before the arbitrator. *Id.* ¶ 12.

The arbitrator rendered his award on August 16, 2024. *Id.* A copy of the award is attached to the Complaint. ECF No. 1-2. In the award, the arbitrator found that Plaintiff and Akshay entered into the Franchise Agreement in October 2019, and that Desai executed a personal and unconditional guarantee of Akshay's obligations under the Franchise Agreement. *Id.* at 1-2. The arbitrator found that Akshay materially breached the Franchise Agreement by failing to make certain upgrades and improvements to a hotel, and by failing to open the hotel by June 30, 2020. *Id.* at 2. As a result of the breach, the arbitrator found that Plaintiff was entitled to liquidated damages in the amount of $226,800 against Akshay, as well as an award of the expenses that Plaintiff incurred in connection with the arbitration proceeding, which came to $5,280. *Id.* at 3. The arbitrator also found that Desai was liable to Plaintiff for the same amount of damages as Akshay. *Id.* at 2-3. In total, the arbitrator awarded Plaintiff $232,080 in damages against Akshay and Desai. *Id.*

"Review of an arbitrator's award is severely circumscribed." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998) (explaining that "the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation"). Section 10 of the Federal Arbitration Act provides that a court may vacate an arbitration award under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

>   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. The court may also vacate an arbitration award "if the arbitrator acted in manifest disregard of law." *Apex*, 142 F.3d at 193.

By failing to answer or otherwise respond to the Complaint, and by failing to oppose the Motion, Defendants have not demonstrated any ground for vacating the award. The Court has no basis to find that any of the circumstances that allow for vacatur of an arbitration award under 9 U.S.C. § 10 apply. And it does not appear that the arbitrator "acted in manifest disregard of law." *Apex*, 142 F.3d at 193. Rather, it appears that the arbitrator fairly considered the terms of the parties' Franchise Agreement, the evidence Plaintiff presented as to Akshay's breach of those terms, and both Defendants' liability for the breach. Finally, Plaintiff filed its Complaint within one year of entry of the arbitration award. *See* 9 U.S.C. § 9. Because there is no basis to vacate, modify, or correct the arbitration award, the Court must enter judgment confirming the award. 9 U.S.C. § 9.

## III.   CONCLUSION

For these reasons, I find that Plaintiff has established that it is entitled to confirmation of the arbitration award. I recommend that Court grant the Motion, confirm the arbitration award attached to the Complaint at ECF No. 1-2, and award damages in favor of Plaintiff and against Defendants in the amount of $232,080, plus $400 for costs, and post-judgment interest at the legal rate.

The Clerk of Court shall mail a copy of this Report and Recommendation to Defendants Akshay Hotels, LLC and Dilip Desai.

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

<u>December 10, 2025</u>                                               <u>      /s/                </u>
Date                                                             Timothy J. Sullivan
                                                                 Chief United States Magistrate Judge